IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH BAZE, #22041440, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | No. 3:23-CV-86-M-BH |
| | § | |
| COUNTY CONSTABLE, et al. | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

**I. BACKGROUND**

Kenneth Baze (Plaintiff), a prisoner in the Texas state prison system, sues a Dallas County Constable (Constable), the Dallas County Sheriff's Department (Sheriff's Department), and a Dallas County Magistrate Judge (Judge) (Defendants). (*See generally* docs. 3, 6, 11, 13, 17.) He alleges that Defendants deprived him of his rights under the Second, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and violated the Federal Tort Claims Act (FTCA) and the Civil Rights Act (CRA). (*Id.*)

Plaintiff alleges that on October 26, 2022, Constable entered his apartment to enforce a vacate order and unlawfully searched the property. (doc. 3 at 1-2.)[2] During the search, Constable discovered 400 rounds of ammunition and a handgun. (*Id.* at 2.) Constable confiscated these items

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

and arrested Plaintiff for being a felon in possession of a firearm. (*Id.*) He is currently detained while these state charges are pending. (*Id.*; doc. 13 at 9.)

Plaintiff claims that Defendants violated his Second Amendment rights by seizing the handgun and punishing him for possessing it. (doc. 3 at 3.) Defendants allegedly violated his Fourth Amendment rights by illegally conducting a warrantless search of his property while enforcing the vacate order and purportedly violated his due process rights under the Fourteenth Amendment when they seized the firearm without a court order. (*Id.* at 4.) They also violated federal law when "[Constable] stole 400 rounds of [ammunition and] a handgun and kidnapped the Plaintiff and [Sheriff's Department] is holding the Plaintiff hostage while [Judge] set a ransom at $25,000." (*Id.* at 2.) Plaintiff further alleges that he was charged for a crime that does not exist in Texas. (doc. 13 at 2.) He also appears to object to the state court's interpretation and application of state law to him, and he challenges the state law he was charged with violating, arguing that it infringes upon his rights under the Second Amendment and that it constitutes an ex post facto law as applied to him. (doc. 17 at 6.)

Plaintiff seeks damages, return of his confiscated property, release from detention, dismissal of his pending charge, and "[Defendants'] two weeks notice." (doc. 13 at 2, 4, 11.)

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. (doc. 20.) As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. REMOVAL OF STATE OFFICIALS

Plaintiff requests Defendants' two-weeks' notice, which is liberally construed as a request for a court order removing them from their positions. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "federal courts have no authority to … fire state employees[.]" *Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir. 1977), *rev'd on other grounds by Alabama v. Pugh*, 438 U.S. 781 (1978). This relief cannot be granted, and Plaintiff's claims for this relief should be dismissed.

### IV. SHERIFF'S DEPARTMENT

Plaintiff asserts claims against Sheriff's Department. (doc. 13 at 1.)

A plaintiff may not bring a civil rights action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Sheriff's Department is not a jural entity subject to suit. *See, e.g.*, *Gage v. Valdez*, No.

3

3:16-CV-1360-B-BH, 2017 WL 4465765, at *2 (N.D. Tex. Aug. 21, 2017) (finding that the Dallas County Sheriff's Department is a non-jural entity); *Magnett v. Dall. Cnty. Sheriff's Dep't*, No. 3:96-CV-3191-BD, 1998 WL 51355, at *1 (N.D. Tex. Jan. 20, 1998) (holding that the Dallas County Sheriff's Office is not a jural entity that can be sued).

*Pro se* plaintiffs who name a non-jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action. *See Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993). Here, Plaintiff was advised that Sheriff's Department appeared to be a non-jural entity that is not subject to suit and provided an opportunity to name a new defendant. (*See* doc. 17 at 7.) He did not respond to that question. (*Id.*) Accordingly, he has been accorded an opportunity to amend consistent with *Parker*, and his claims against Sheriff's Department should be dismissed for failure to state a claim.

## V. JUDGE

Plaintiff also sues Judge in her individual capacity. (doc. 13 at 1.)

The Supreme Court has recognized absolute immunity for judges acting in the performance of their official duties.[3] *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Judges enjoy absolute immunity from § 1983 suits. *See Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). They are immune from suit for damages resulting from any judicial act unless it was performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991). Judges are also generally immune from suits seeking injunctive relief. 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity,

---

[3] Texas magistrate judges and justices of the peace enjoy this immunity just as other types of state judges do. *See Blakely v. Andrade*, 360 F. Supp. 3d 453, 475 (N.D. Tex. 2019); *see also Scott v. Leonie*, No. SA-23-CV-0658-XR, 2023 WL 5659052, at *2 (W.D. Tex. Aug. 30, 2023).

injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *see also Dillenberg v. Watts*, No. 4:20-CV-0458-SDJ-CAN, 2021 WL 2906069, at *7 (E.D. Tex. June 18, 2021). Allegations of bad faith or malice do not overcome judicial immunity. *Mireles*, 502 U.S. at 11.

Here, Plaintiff does not make any factual allegations supporting the conclusion that Judge acted outside of the scope of her official judicial duties. He complains only of the way in which she handled his state criminal proceedings. (*See* doc. 13 at 4.) He also does not allege that she was without jurisdiction to act.[4] His individual capacity claims against Judge should be dismissed for failure to state a claim based on judicial immunity. *See Nalls v. LaSalle*, 568 F. App'x 303, 304-05, 307 (5th Cir. 2014) (per curiam) (affirming the district court's dismissal of the plaintiff's § 1983 claims for failure to state a claim based on judicial immunity).

## VI. CONSTABLE

Plaintiff sues Constable in his official capacity. (doc. 13 at 1.)

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The claims against Constable in his official capacity are therefore claims against Dallas County itself. *See Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996) ("A suit against the Sheriff in his official capacity is a suit against the County.").

### A.  **Municipal Liability**

Municipalities, including counties and cities, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cnty.*, 543 F.3d 221, 224 (5th Cir. 2008). A municipality may be

---

[4] Plaintiff does allege that "Criminal District Court No. 1 of Dallas Texas Dallas County lacks jurisdiction of subject matter[,] lacks jurisdiction (personal) and lacks general jurisdiction[.]" (doc. 3 at 7.) These conclusory allegations do not contain adequate factual content to establish that Judge acted outside her jurisdiction when she presided over Plaintiff's state court case. *See Morrison v. Walker*, 704 F. App'x 369, 374 (5th Cir. 2017) (per curiam).

5

liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Jones v. City of Hurst*, No. 4:05-CV-798-A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397 (1997)). It is well-settled that a municipality cannot be liable under a theory of respondeat superior, however. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 … requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010); *Cox v. City of Dall.*, 430 F.3d 734, 748 (5th Cir. 2005); *Jones*, 2006 WL 522127, at *3 (citing *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996)).

"Official policy" is defined as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Where a policy is facially constitutional, a plaintiff must demonstrate that it was promulgated with deliberate indifference to known or obvious consequences that constitutional violations would result. *Piotrowski*, 237 F.3d at 579-80 & n.22; *accord Peterson v. City of Fort Worth*, 588 F.3d 838, 849-50 (5th Cir. 2009), *cert. denied*, 562 U.S. 827 (2010). "Deliberate indifference of this sort is a stringent test, and 'a showing of simple

or even heightened negligence will not suffice' to prove municipal culpability." *Piotrowski*, 237 F.3d at 579 (citation omitted) (stressing that "*Monell* plaintiffs [need] to establish both the causal link ('moving force') and the City's degree of culpability ('deliberate indifference' to federally protected rights)").

"The description of a policy or custom and its relationship to the underlying constitutional violation … cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)); *accord Piotrowski*, 237 F.3d at 578-79. "[A] complaint must contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted). In *Spiller*, the Fifth Circuit found the allegation that "[an officer] was acting in compliance with the municipality's customs, practices or procedures" insufficient to plead municipal liability. 130 F.3d at 167. It also found that an assertion that several policies "'led to' unspecified 'unconstitutional arrests and confinements,'" and that a department policy of "engag[ing] in conduct toward African American citizens without regard to probable cause to arrest" were too vague and conclusory to support alleged municipal liability under *Monell*. *Id*.

In addition, a single incident is insufficient to infer an official policy or custom. *See World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753-54 (5th Cir. 2009); *Pineda*, 291 F.3d at 329; *Piotrowski*, 237 F.3d at 581; *see also Hester v. Dall. Cnty. Jail*, No. 3:11-CV-3099-B-BH, 2012 WL 1430539, at *3 (N.D. Tex. Mar. 6, 2012), *adopted by* 2012 WL 1437747 (N.D. Tex. Apr. 25, 2012) ("His single alleged incident is insufficient to infer that Dallas County has an official customary policy or custom of failing to protect inmates at the county jail.").

Here, Plaintiff's claims against Constable in his official capacity are claims against Dallas County. *See Graham*, 473 U.S. at 165. He does not allege that his charges are the result of any official policy or custom of Dallas County; nor does he allege that a policy maker with the relevant authority created such a policy or custom. Moreover, to the extent his allegations may be construed as referring to an official policy or custom, he only alleges a single incident—the incident in which he was arrested. This is insufficient to state a claim. *See World Wide St. Preachers Fellowship*, 591 F.3d at 753-54. Plaintiff has failed to state a claim upon which relief may be granted with respect to his § 1983 claims against Constable, and those claims should be dismissed.

**B.     Civil Rights Act**

Plaintiff also sues under the CRA. (doc. 3 at 1.) The CRA contains seven Titles which each pertain to a different aspect of the act's sweeping anti-discrimination scope. 42 U.S.C. § 2000d *et seq*. For example, Title I secures equal voting rights to citizens, 52 U.S.C. §10101 *et seq*., Titles II and III prohibit discrimination in places of public accommodation and facilities like public libraries, 42 U.S.C. § 2000a *et seq*.; 42 U.S.C. § 2000b *et seq*., and Title VII outlaws discrimination in employment, 42 U.S.C. § 2000e *et seq*.

Here, the only Title that arguably applies is Title VI, which prohibits discrimination by recipients of federal funding. *See* 42 U.S.C. § 2000d *et seq*. In relevant part, § 601 of Title VI provides: "No person in the United States shall, on the grounds of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title VI applies to municipalities. *See Guardians Ass'n v. Civ. Serv. Comm'n*, 463 U.S. 582, 587 (1983). "Private individuals may sue to enforce … Title VI and obtain both monetary and injunctive relief." *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 626 (N.D. Tex. 2017) (citing

*Alexander v. Sandoval*, 532 U.S. 275, 279 (2001)). "To state a claim for damages under Title VI, a private litigant must, among other things, 'plead facts in support of intentional discrimination.'" *Id.* (quoting *Price ex rel. Price v. La. Dep't of Educ.*, 329 F. App'x 559, 561 (5th Cir. 2009) (per curiam)). If a complaint "does not set forth 'specific allegations of acts that were taken with discriminatory intent,'" then it fails to state a claim. *Id.* (quoting *Muthukumar v. Univ. of Tex. at Dall.*, No. 3:10-CV-0115-B, 2010 WL 5287530, at *5 (N.D. Tex. Dec. 27, 2010)).

Here, Plaintiff has not alleged that Constable discriminated against him intentionally. He also does not allege that any purported discrimination was based upon one of the protected classes listed in § 601.[5] His CRA claims against Constable in his official capacity should be dismissed for failure to state a claim.

**C.     Federal Tort Claims Act**

Plaintiff seeks relief under the FTCA. (doc. 3 at 1.) To successfully sue under the FTCA, a claim must be: 1) against the United States; 2) for money damages; 3) for injury or loss of property, or personal injury or death; 4) caused by the negligent or wrongful act or omission of any employee of the federal government; 5) while acting within the scope of his or her employment; and 6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994). Here, Plaintiff does not sue the United States or allege that his claims are based on the conduct of an employee of the federal government. His FTCA claims against Constable in his official capacity should be dismissed for failure to state a claim upon which relief may be granted.

---

[5] Plaintiff does allege that he is "25% black." (doc. 3 at 6.) However, he does not allege this in the context of pleading his CRA claim, nor does he accomplish the critical task of linking this fact to other facts that would establish that Constable intentionally discriminated against him on the basis of his race. *See Mohamed*, 252 F. Supp. 3d at 626.

D.    **Challenges to Constitutionality of State Law**

Plaintiff challenges the constitutionality of § 46.04[6] of the Texas Penal Code and seeks release from his detention and dismissal of his pending state charges. (doc. 13 at 6, 11.)

As a preliminary matter, it is unclear whether Constable is the proper defendant in a suit challenging the constitutionality of a state law. Generally, the proper defendants to a constitutional challenge to state law are "the parties responsible for creating or enforcing the challenged law or policy." *Buchanan v. Alexander*, 919 F.3d 847, 854 (5th Cir. 2019) (citing *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 n.6 (4th Cir. 1997)); *see also Carbajal v. Wells Fargo Bank, N.A.*, 2020 WL 13413199, at *9 (W.D. Tex. May 5, 2020) (holding that a bank was not the proper defendant in a suit challenging a Texas civil procedure rule because "'[u]nder United States Supreme Court precedent, when a plaintiff challenges the constitutionality of a rule of law, it is the state official designated to enforce that rule who is the proper defendant, even when that party has made no attempt to enforce the rule.'" (quoting *Am. Civ. Liberties Union v. The Fla. B.*, 999 F.2d 1486, 1490 (11th Cir. 1993)); *cf. Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("The conflict between state officials empowered to enforce a law and private parties subject to prosecution under that law is a classic 'case' or 'controversy' within the meaning of Art. III [of the United States Constitution].").

In Texas, a constable is "authorized to perform … acts as established by law, such as those permitted or required to be performed by 'peace officers.'" *Harris Cnty. v. Coats*, 607 S.W.3d 359, 376 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing Tex. Code Crim. Proc. art. 2.12(2)). "As peace officers, constables have the duty 'to preserve the peace within the officer's jurisdiction,' with authority to 'use all lawful means' to effect that purpose." *Id.* (citing Tex. Code

---

[6] It is unclear from the pleadings whether Plaintiff asserts a facial challenge or an as-applied challenge.

Crim. Proc. art 2.13(a)). "A peace officer's primary law enforcement duties include: (1) interfering without warrant to prevent or suppress crime; (2) executing all lawful processes; (3) notifying magistrates of offenses committed within the officer's jurisdiction; and (4) arresting offenders when authorized by law." *Id.* (citing Tex. Code Crim. Proc. art. 2.13(b)). Accordingly, constables in Texas appear authorized to discharge similar law enforcement duties to those discharged by sheriffs. *See Jefferson Cnty. v. Jefferson Cnty. Constables Ass'n*, 546 S.W.3d 661, 669-70 (Tex. 2018); *see also* Tex, Code Crim. Proc. Ann. Art. 2.12 (licensed constables and deputy constables, like sheriffs and sheriff deputies, are peace officers). Although the Fifth Circuit has not expressly addressed the question whether constables are appropriate defendants in these types of cases, in an unpublished opinion, it upheld a district court's conclusion that a Texas Penal Code provision was constitutional as applied to a plaintiff who was arrested by a deputy constable and thereafter challenged the constitutionality of that provision by suing the deputy constable and other defendants. *See Conn v. Harris Cnty.*, 96 F.3d 1445 (5th Cir. 1996) (per curiam).

Here, Plaintiff does not explicitly allege that Constable is a state official charged with enforcing § 46.04. He does, however, state that Constable is the officer who arrested him and charged him under that statute. (doc. 13 at 2.) Construed liberally, *see Erickson*, 551 U.S. at 94, this is likely sufficient to establish that Constable is a proper defendant for purposes of Plaintiff's constitutional challenge. *See Bay Area Unitarian Universality Church v. Paxton*, 2021 WL 3852174, at *8 (S.D. Tex. Aug. 27, 2021) (first citing *Buchanan*, 919 F.3d at 854-55; and then citing *Okpalobi v. Foster*, 244 F.3d 405, 426 (5th Cir. 2001) (holding that county-level officials were appropriate defendants to a suit challenging provision of the Texas Penal Code as unconstitutional); *see also Woodlands Pride, Inc. v. Paxton*, --- F. Supp. 3d ---, 2023 WL 6226113, at *8-9 (S.D. Tex. Sept. 26, 2023).

Regardless whether Plaintiff has asserted his claims challenging the state law against the proper defendant, however, he still fails to state a claim upon which relief can be granted. This is because the relief that Plaintiff seeks with respect to his challenge to § 46.04 is release from detention and dismissal of the pending state charges. (*See* doc. 13 at 2.) Release is an inappropriate remedy in a § 1983 action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner cannot challenge the fact or duration of confinement in a § 1983 action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Because Plaintiff may not obtain the requested relief in this § 1983 action, his claims seeking release should be dismissed for failure to state a claim.

Additionally, to the extent Plaintiff seeks dismissal of the pending charges, Constable—the only remaining defendant—does not have the authority to bring or dismiss criminal charges; only state prosecutors can make that decision. *See Moon v. City of El Paso*, No. SA-06-CA-925-OG, 2017 WL 4508100, at *3 (W.D. Tex. May 30, 2017) (citing *Manuel v. City of Joliet*, 580 U.S. 357, 377 (2017) (Alito, J., dissenting)) ("State prosecutors—not the City and its officers—exercise the authority to initiate, prosecute, and dismiss criminal charges."), *rev'd in part on other grounds*, 906 F.3d 352 (5th Cir. 2018); *see also State v. Telles*, 890 S.W.2d 561, 562 (Tex.App.—El Paso, 1994, no pet.) (holding that in Texas, "responsibility for criminal prosecutions is vested in the district and county attorneys" and that, generally, not even trial courts have the authority to dismiss without the consent of the prosecutor). Accordingly, Plaintiff's claims for dismissal of the state charges should also be dismissed for failure to state a claim.[7]

---

[7] Plaintiff also appears to challenge 18 U.S.C. § 922(g)(1) as unconstitutional under the Second Amendment based on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). (doc. 3 at 2-3.) It is not entirely clear that Plaintiff intended to assert a constitutional challenge to this law specifically, but to the extent that he did, he lacks standing to bring any such challenge because he was not charged under that federal law and does not allege that he

12

## VI. OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Nos. 3:96-CV-2923-D, 3:97-CV-0353-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Nonetheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). A verified questionnaire allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop the factual basis for his complaint.").

Plaintiff has amended his complaint twice and has responded to two questionnaires. He has had ample time and opportunity to plead his best case, and further leave to amend is not warranted.

---

may be in the future. "When contesting the constitutionality of a criminal statute, 'it is not necessary that the plaintiff first expose himself to actual arrest or prosecution to be entitled to challenge [the] statute that he claims deters the exercise of his constitutional rights.'" *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (quoting *Steffel v. Thompson*, 415 U.S. 452, 459 (1974)). "But 'persons having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs.'" *Id.* (quoting *Younger v. Harris*, 401 U.S. 37, 42 (1971)). Therefore, "[w]hen plaintiffs 'do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible,' they do not allege a dispute susceptible to resolution by a federal court." *Id.* (citing *Younger*, 401 U.S. at 42.) Here, Plaintiff has not alleged that any federal prosecution under 18 U.S.C. § 922 is forthcoming or is even possible. He therefore lacks standing to challenge that statute as unconstitutional.

## VII. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

**SO RECOMMENDED** on this 6th day of December, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F. 3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE